ORIGINAL

# In the United States Court of Federal Claims

No. 15-697C
Filed November 25, 2015
NOT FOR PUBLICATION

**FILED**

**NOV 2 5 2015**

U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| GARRY C. KRAFT, )<br><br>Plaintiff, )<br><br>v. )<br><br>THE UNITED STATES, )<br><br>Defendant. ) | *Pro Se*; Rule 12(b)(1), Subject-Matter Jurisdiction; Claims Against a Local Government; *In Forma Pauperis;* Declaratory Judgment Act; Universal Declaration of Human Rights. |

*Garry C. Kraft*, Atmore, AL, plaintiff *pro se*.

*Christopher K. Wimbush,* Trial Attorney; *Steven J. Gillingham,* Assistant Director; *Robert E. Kirschman, Jr.,* Principal Deputy Assistant Attorney General; *Benjamin C. Mizer,* Principal Deputy Assistant Attorney General, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant.

**MEMORANDUM OPINION AND ORDER**

GRIGGSBY, Judge

## I.    INTRODUCTION

Plaintiff *pro se*, Garry C. Kraft, brought this action alleging that the City of Mobile, Alabama improperly demolished his residence and other structures that he owns, in violation of the Fourth Amendment and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.  The government has moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims ("RCFC").  Plaintiff has also moved to proceed in this matter *in forma pauperis*.  For the reasons set forth below, the Court **GRANTS** defendant's motion to dismiss and **GRANTS** plaintiff's motion to proceed *in forma pauperis*.

1

## II.    FACTUAL AND PROCEDURAL BACKGROUND[1]

### A. Factual Background

Plaintiff *pro se*, Garry C. Kraft, filed the complaint in this matter on July 6, 2015. *See generally* Compl. In the complaint, plaintiff seeks a declaratory judgment finding that the City of Mobile, Alabama improperly demolished his residence and other structures owned by plaintiff, on or about July 16, 2011. *Id.* at 21. According to plaintiff, the City of Mobile demolished his property because the property appeared to be "unsafe and dilapidated." *Id.* at 13.

Plaintiff further alleges that the City of Mobile failed to provide him with notice of the demolition and, in doing so, violated his constitutional rights under the Fourth Amendment and the Due Process Clause. *Id.* at 13-20. As relief, plaintiff seeks "Declaratory Judgment Relief and or Declaration of Rights. [*sic*] Based on the Record on File within the Courts of the United States." *Id.* at 21. Plaintiff also demands a jury trial. *Id.* at 22.

Plaintiff contends that this Court possesses subject-matter jurisdiction to consider his claim pursuant to 28 U.S.C. § 1491; the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202; and the Universal Declaration of Human Rights, G.A. Res. 217A (III), U.N. Doc. A/810 (1948). *Id.* at 4.[2]

### B. Procedural Background

Plaintiff filed the complaint in this matter on July 6, 2015. *See generally* Compl. On the same date, plaintiff filed a motion for leave to proceed *in forma pauperis*, in which he requested

---

[1] The facts recounted in this Memorandum Opinion and Order are taken from plaintiff's complaint ("Compl. at ___"); defendant's motion to dismiss ("Def. Mot. at ___"); plaintiff's opposition thereto ("Pl. Opp. at ___"); defendant's reply ("Def. Rep. at ___") and plaintiff's sur-reply ("Pl. Sur-Rep."). Except as otherwise noted, the facts recited here are undisputed.

[2] Plaintiff's complaint relates back to a lawsuit that he previously and unsuccessfully pursued against the City of Mobile in the United States District Court for the Southern District of Alabama. *See Kraft v. City of Mobile*, No. 12-0590, 2013 WL 1389979 (S.D. Ala. March 12, 2013). Specifically, on August 24, 2012, plaintiff filed a civil suit against the City of Mobile in the Circuit Court of Mobile County alleging that the City of Mobile improperly demolished his residence. *Id.* at *1. Following the removal of that case to the United States District Court for the Southern District of Alabama, the district court dismissed plaintiff's claim with prejudice on April 4, 2013. The United States Court of Appeals for the Eleventh Circuit subsequently affirmed the district court's dismissal decision on October 3, 2014. *Kraft v. City of Mobile* 588 F. App'x 867, 868 (11th Cir. 2014). The United States Supreme Court denied certiorari on May 26, 2015, and plaintiff commenced this action shortly thereafter. *See* 135 S. Ct. 2363 (2015).

a waiver of the Court's filing fee. *See* Mot. to Proceed *In Forma Pauperis*. On August 24, 2015, the government moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1). *See generally* Def. Mot. On September 14, 2015, plaintiff filed his response and opposition to the government's motion to dismiss. *See generally* Pl. Opp. The government filed its reply brief on September 25, 2015. *See generally* Def. Rep. On November 4, 2015, plaintiff filed a sur-reply by leave of the Court. *See generally* Pl. Sur-Rep. The government's motion to dismiss having been fully briefed, the Court addresses that motion.

## III.   LEGAL STANDARDS

### A. *Pro Se* Litigants

Plaintiff is proceeding in this matter *pro se*, without the benefit of counsel. And so, the Court applies the pleadings requirements leniently. *Beriont v. GTE Labs., Inc.*, 535 F. App'x 919, 926 n.2 (Fed. Cir. 2013) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007). When determining whether a complaint filed by a *pro se* plaintiff is sufficient to survive a motion to dismiss, this Court affords more leeway under the rules to *pro se* plaintiffs than plaintiffs who are represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that *pro se* complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"); *Matthews v. United States*, 750 F.3d 1320, 1322 (Fed. Cir. 2014). But, there "is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleadings." *Lengen v. United States*, 100 Fed. Cl. 317, 328 (2011) (brackets existing; citations omitted). In this regard while "a *pro se* plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, . . . the *pro se* plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002). And so, this Court may excuse ambiguities, but not defects, in the complaint. *See Colbert v. United States*, No. 2014-5029, 2015 WL 2343578, at *1 (Fed. Cir. May 18, 2015); *see also Demes v. United States*, 52 Fed. Cl.

365, 368 (2002) ("[T]he leniency afforded *pro se* litigants with respect to mere formalities does not relieve them of jurisdictional requirements.").

### B. Rule 12(b)(1)

It is well established that this Court's subject-matter jurisdiction must be established before it addresses the merits of a claim. *Plains Comm. Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 324 (2008) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (Subject-matter jurisdiction is "a threshold question that must be resolved . . . before proceeding to the merits.")). When considering whether to dismiss an action for lack of subject-matter jurisdiction, the Court "must assume all factual allegations to be true and draw all reasonable inferences in the plaintiff's favor." *Redondo v. United States*, 542 F. App'x 908, 910 (Fed. Cir. 2013) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). However, plaintiff bears the burden of showing jurisdiction by a preponderance of the evidence. *See, e.g.*, *Green v. United States*, 586 F. App'x 586, 587 (Fed. Cir. 2014); *see also McNutt v. GMAC*, 298 U.S. 178, 189 (1936) (noting that the burden of proving that the matter is properly before the Court should rest on the party seeking the Court's jurisdiction). If subject-matter jurisdiction is found to be lacking, the Court must dismiss the action. RCFC 12(b)(1).

In this regard, the United States Court of Federal Claims is a court of limited jurisdiction and "possess[es] only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). In particular, the Tucker Act grants the Court jurisdiction over:

> [A]ny claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2011). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan,* 424 U.S. 392, 398 (1976). And so, to pursue a substantive right against the United States under the Tucker Act, a plaintiff must identify and plead a money-mandating constitutional provision, statute or regulation, or an express or implied

contract with the United States. *Cabral v. United States,* 317 F. App'x 979, 981 (Fed. Cir. 2008).

## C. The Declaratory Judgment Act

The Declaratory Judgment Act confers upon United States district courts the discretion to grant equitable relief in the form of declaratory judgments. 28 U.S.C. §§ 2201, 2202. The Act provides in pertinent part that:

> In a case of actual controversy within its jurisdiction. . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

It is well established that, unlike a district court, the United States Court of Federal Claims does not possess jurisdiction to grant declaratory judgments under the Declaratory Judgment Act. *See Tchakarski v. United States,* 69 Fed. Cl. 218, 221 (2005) ("Although that statute provides that 'any court of the United States' may render a declaratory judgment, the Act does not give jurisdiction to the United States Court of Federal Claims to grant a declaratory judgment.") (quoting 28 U.S.C. § 2201, *et seq*). In this regard, the United States Court of Appeals for the Federal Circuit has held that "to hold that the Court of Federal Claims may issue a declaratory judgment in [a] case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims." *Nat'l Air Traffic Controllers Ass'n v. United States,* 160 F.3d 714, 716-17 (Fed. Cir. 1998). And so, this Court does not have jurisdiction to grant general equitable relief under the Declaratory Judgment Act. *Hoag v. United States*, 99 Fed. Cl. 246, 252 (2011).

## D. Universal Declaration Of Human Rights

The Universal Declaration of Human Rights ("UDHR") is a declaration adopted by the United Nations General Assembly on December 10, 1948, which sets forth the fundamental human rights that all nations should endeavor to protect. *Universal Declaration of Human Rights*, G.A. Res. 217A (III), U.N. Doc. A/810 (1948). The UDHR is not a legally binding document. *See Sosa v. Alvarez-Machain*, 542 U.S. 692, 734 (2004) ("[T]he [UDHR] does not of

its own force impose obligations as a matter of international law."). And so, federal courts do not "have jurisdiction over claims based on the Universal Declaration of Human Rights." *Antonio De Carlo Sheppard v. United States*, No. 11-295, 2011 WL 6370078, at \*7 (Fed. Cl. Oct. 24, 2008); *see also Phaidin v. United States,* 28 Fed. Cl. 231, 234 (1993). This Court has held that "the UDHR does not contain any substantive rights enforceable against the federal government for money damages, as required under the Tucker Act, and therefore such claims cannot be heard in this [C]ourt." *Gimbernat v. United States*, 84 Fed. Cl. 350, 354 (2008).

## IV.   DISCUSSION

### A. The Court Does Not Possess Jurisdiction To Consider Plaintiff's Claims

The government has moved to dismiss plaintiff's complaint upon the ground that this Court lacks jurisdiction to entertain claims against local government entities. *See* Def. Mot. at 3; RCFC 12(b)(1). For the reasons discussed below, the Court agrees.

As an initial matter, this Court does not possess jurisdiction to consider plaintiff's claims against the City of Mobile. It is well established that the United States is the only proper defendant in cases brought in the United States Court of Federal Claims. *Pikulin v. United States*, 97 Fed. Cl. 71, 75 (2011); *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003) ("[T]he only proper defendant for any matter before this court is the United States, not its officers, nor any other individual."); *United States v. Sherwood,* 312 U.S. 584, 588 (1941) (holding that the jurisdiction of this Court extends only to suits against the United States). It is also well established that this Court does not possess jurisdiction to entertain claims brought against state or local government entities. *Moore v. Pub. Defender's Office*, 76 Fed. Cl. 617, 620 (2007).

A plain reading of the complaint shows that plaintiff's claims in this matter are claims against the City of Mobile. *See generally* Compl. Specifically, plaintiff alleges in the complaint that the City of Mobile improperly demolished his residence and other structures located in Mobile County on or about July 16, 2011. Compl. at 13. Plaintiff further alleges that, by demolishing his residence, and failing to provide prior notice of the demolition, the City of Mobile violated his constitutional rights under the Fourth Amendment and the Due Process Clause. Compl. at 18, 20. Plaintiff alleges no wrongdoing on the part of the United States, or any of its federal agencies. *See generally* Compl. Rather, plaintiff's sole grievance is with the

City of Mobile. *Id.* This Court does not possess jurisdiction to entertain such claims. RCFC 12(b)(1); *Moore*, 76 Fed. Cl. at 620. And so, the Court must dismiss the complaint.

In addition, to the extent that plaintiff relies upon the Declaratory Judgment Act to establish jurisdiction, his reliance upon this authority is misplaced. *See* Compl. at 4. The Court has long recognized that the Declaratory Judgment Act does not confer jurisdiction upon this Court to grant declaratory relief. *Tchakarski,* 69 Fed. Cl. at 221 ("Although that statute provides that 'any court of the United States' may render a declaratory judgment, the Act does not give jurisdiction to the United States Court of Federal Claims to grant a declaratory judgment."); *Nat'l Air Traffic Controllers*, 160 F.3d at 716-17 ("[T]o hold that the Court of Federal Claims may issue a declaratory judgment in [a] case, unrelated to any money claim pending before it, would effectively override Congress's decision not to make the Declaratory Judgment Act applicable to the Court of Federal Claims."); *Hoag*, 99 Fed. Cl. at 252. And so, this Court does not possess jurisdiction to entertain plaintiff's request for general equitable relief pursuant to the Declaratory Judgment Act.

Plaintiff's reliance upon the Universal Declaration of Human Rights is equally misguided. As discussed above, this Court has held that "the UDHR does not contain any substantive rights enforceable against the federal government for money damages, as required under the Tucker Act, and, therefore, such claims cannot be heard in this [C]ourt." *Gimbernat*, 84 Fed. Cl. at 354. And so, plaintiff cannot rely upon the UDHR to establish jurisdiction here, and the Court must dismiss the complaint. *Id.*; RCFC 12(b)(1).

### B. Plaintiff's Motion For Leave To Proceed *In Forma Pauperis* Satisfies The Statutory Requirement

Plaintiff has filed a motion to proceed *in forma pauperis*, in which he alleges that he lacks the financial resources to pay the Court's filing fee. *See generally* Pl. Mot. to Proceed *In Forma Pauperis*. This Court may authorize the commencement of a suit without the prepayment of fees when an individual submits an affidavit, including a statement of all assets, a declaration that he or she is unable to pay the fees, and a statement of the nature of the action and a belief that he or she is entitled to redress. *See* 28 U.S.C. § 1915(a); *see also* 28 U.S.C. § 2503(d). Due to the Court's summary disposition of this case, and plaintiff's *pro se* status, the Court finds that plaintiff satisfies the requirements to proceed *in forma pauperis* for the purpose of resolving the

7

government's motion to dismiss. And so, the Court grants plaintiff's motion to proceed *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.[3]

## V. CONCLUSION

In sum, dismissal of the complaint for lack of subject-matter jurisdiction is warranted because a plain reading of the complaint shows that plaintiff's claims in this matter are claims against a municipal entity–the City of Mobile. It is well established that this Court does not possess jurisdiction to consider such claims. And so, plaintiff has not met his burden to show that the Court possesses jurisdiction to entertain his claims.

In addition, plaintiff's reliance upon the Declaratory Judgment Act and the Universal Declaration of Human Rights to establish jurisdiction is also misplaced. This Court does not possess jurisdiction to consider claims based upon either of these authorities. And so, for all of these reasons, the Court must dismiss the complaint. RCFC 12(b)(1).

Finally, because of plaintiff's *pro se* status–and his representation that he is unable to pay the Court's filing fee–plaintiff may proceed in this matter *in forma pauperis* for the limited purpose of resolving the government's motion to dismiss.

And so, for the foregoing reasons, the Court:

(1) **GRANTS** defendant's motion to dismiss; and

(2) **GRANTS** plaintiff's motion to proceed *in forma pauperis.*

The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint.

Each party to bear its own costs.

**IT IS SO ORDERED.**

LYDIA KAY GRIGGSBY
Judge

---

[3] In his complaint, plaintiff requests a jury trial. Compl. at 22. It is well established that, by filing his complaint in this Court, plaintiff waives the right to a trial by jury. *Arunga v. United States*, 465 F. App'x. 966, 967 (Fed. Cir. 2012) (citing *James v. Caldera*, 159 F.3d 573, 589-90 (Fed. Cir. 1998)).